# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

August 05, 2021

Ms. Jeannette Clack
Western District of Texas, Austin
United States District Court
501 W. 5th Street
Austin, TX 78701-0000

    No. 20-50648   Oldenburg v. Univ of TX at Austin
                       USDC No. 1:18-CV-968

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                  Sincerely,

                                    LYLE W. CAYCE, Clerk

                                    By: _____
                                    Casey A. Sullivan, Deputy Clerk
                                    504-310-7642

cc:
    Mr. Jeffrey E. Farrell
    Mr. Robert Stephen Notzon



United States Court of Appeals
for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
June 21, 2021
Lyle W. Cayce
Clerk

Certified as a true copy and issued
as the mandate on Aug 05, 2021

Attest:
*Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

No. 20-50648

ALANA OLDENBURG; DEBRAH FIELDS,

*Plaintiffs—Appellants*,

*versus*

THE UNIVERSITY OF TEXAS AT AUSTIN; PRESIDENT GREGORY L. FENVES, IN HIS OFFICIAL CAPACITY, UNIVERSITY OF TEXAS AT AUSTIN,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-968

_____

Before JONES, COSTA, and DUNCAN, *Circuit Judges*.

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

IT IS FURTHER ORDERED that appellants pay to appellees the costs on appeal to be taxed by the Clerk of this Court.

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
June 21, 2021
Lyle W. Cayce
Clerk

No. 20-50648

Alana Oldenburg; Debrah Fields,

*Plaintiffs—Appellants,*

*versus*

The University of Texas at Austin; President Gregory L. Fenves, in his official capacity, University of Texas at Austin,

*Defendants—Appellees.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-968

Before Jones, Costa, and Duncan, *Circuit Judges*.

Per Curiam:*

This case is about employment decisions made by the Facilities Services Training department at the University of Texas (UT). The department provides trade-skills training and career training to facilities and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

maintenance staff at the university. In mid-2016 and early 2017, supervisors began to restructure the department and opened up hiring for a key position. Alana Oldenburg applied for the job along with about 100 other candidates. Oldenburg came close to getting the position but finished as the runner up.

Another employee in the department, Debrah Fields, participated in the hiring process and believed that some members of the hiring committee made age-based comments against Oldenburg in the selection meeting. As part of a reduction-in-force that UT says was also part of the department restructuring, the university eliminated Fields's position around the same time Oldenburg did not receive the job.

Oldenburg sued UT, alleging age discrimination in the hiring process, and Fields joined a claim for retaliatory termination stemming in part from her reports of the alleged age discrimination against Oldenburg. The district court granted summary judgment to UT on all claims. We affirm.

I

We review a grant of summary judgment *de novo*. *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 438 (5th Cir. 2012). Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). When considering a motion for summary judgment, we resolve factual controversies in favor of the nonmoving party. *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 230 (5th Cir. 2015) (citation omitted).[1]

---

[1] Plaintiffs argue that the district court did not consider the evidence listed in an "Statement of Facts" (included in the appendix of their summary judgment response), which UT moved to strike. We need not resolve the dispute about the motion to strike because we conclude that summary judgment is appropriate even considering the "Statement of Facts."

No. 20-50648

A.

Oldenburg brought her age discrimination suit under the federal Age Discrimination in Employment Act and the Texas Commission on Human Rights Act. Because her ADEA and TCHRA claims rely on circumstantial evidence of discrimination, they follow the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973). *See Reed*, 701 F.3d at 439–40. The parties agree that Oldenburg made out a *prima facie* case of discrimination. But UT responds that her claim can go no further because it hired Aimee Trochio after determining that she was "better suited for the position." UT contends that Trochio had more relevant program management experience, knew how to develop training programs, and performed better during the second-round interview.

This age discrimination claim therefore comes down to the third stage of the *McDonnell Douglas* framework, at which the plaintiff must "make an ultimate showing of intentional discrimination." *Reed*, 701 F.3d at 439. Both ADEA and TCHRA plaintiffs can prevail by establishing that the employer's reason is a pretext for discrimination, but the ultimate causation standards under each statute differ slightly. An ADEA plaintiff must prove that the proffered reason is pretextual and age was the true "but for" cause of the decision not to hire her, while a TCHRA plaintiff must only show that age was a "motivating factor" in the decision. *Id.* at 439–40; *Squyres*, 782 F.3d at 231.

Oldenburg's primary pretext argument is that members of the hiring committee made age-based remarks during the selection process. Before going any further, we note and correct an error made repeatedly by parties and district courts weighing age-based remarks as evidence of pretext. In a circumstantial case of discrimination, when "the discriminatory remarks are just one ingredient in the overall evidentiary mix," we use a two-part test for

3

deciding whether allegedly discriminatory remarks are probative: the comments must demonstrate "(1) discriminatory animus (2) on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decisionmaker." *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 475–76 (5th Cir. 2015) (internal quotations omitted); *see also McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 457–58 (5th Cir. 2019). The district court here incorrectly used the stricter, four-part test articulated in *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655 (5th Cir. 1996).[2] That test applies only when age-based remarks are offered as *direct* evidence of discrimination; that is, when the remarks alone are being used to try to satisfy the plaintiff's summary judgment showing. *Goudeau*, 793 F.3d at 475; *Reed*, 701 F.3d at 441. Because Oldenburg is relying on the remarks as just one part of a circumstantial case of age discrimination, the more flexible two-part test applies.

Under the proper test for circumstantial cases, it is a close call whether the comments identified by Oldenburg reveal discriminatory animus. Her strongest evidence shows that members of the hiring committee stated her "philosophy seems dated" and referred to her methods as "old school" or "tried and true." As those remarks did not directly describe her (as opposed to her approach to the job), they are not as apparently discriminatory as others that we have recognized as ageist. *Compare Reed*, 701 F.3d at 438 (affirming that comments like "old man," "old fart," "pops," and "grandpa" did not preclude summary judgment), *with Waggoner v. City of*

---

[2] The *CSC Logic* test requires that ageist comments be (1) "age related;" (2) "proximate in time to the terminations;" (3) "made by an individual with authority over the employment decision at issue"; and (4) "related to the employment decision." 82 F.3d at 655.

*Garland*, 987 F.2d 1160, 1166 (5th Cir. 1993) (holding that remarks such as "a younger person could do faster work" do not establish pretext). But even if the remarks do show some discriminatory animus, they do not alone establish pretext, especially when Oldenburg placed second out of 102 applicants, and UT was prepared to offer her the job if Trochio turned it down.

Nor does Oldenburg get traction in attempting to show pretext on the ground that she was "clearly better qualified" than Trochio for the position. We agree with the district court that any differences in their qualifications are not so vast that "no reasonable person . . . could have chosen" Trochio over Oldenburg for the job. *Moss v. BMC Software, Inc.*, 610 F.3d 917, 923 (5th Cir. 2010) (internal quotation marks and citation omitted). Both candidates had the required bachelor's degree and five years' experience developing and managing training programs. Oldenburg's contention that her professional certification and longer tenure in the field make her "clearly better qualified" is unavailing. *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 959 (5th Cir. 1993) (noting that more years served does not necessarily equate to superior qualification). UT prioritized Trochio's more direct experience in developing coursework for technical and trade skills. On this record, we cannot second-guess UT's determination that Trochio was the better candidate. *EEOC v. La. Off. of Cmty. Servs.*, 47 F.3d 1438, 1448 (5th Cir. 1995).

Finally, Oldenburg claims that UT departed from its hiring "best practices" and improperly used subjective criteria in choosing Trochio from among the finalists. The first round of interviews, however, did consist of a set of standardized and scored interview questions. Moderate reliance on subjective criteria and assessments in the second, presentation-based interview round is not on its own evidence of pretext. *See Manning v. Chevron Chem. Co.*, 332 F.3d 874, 882 (5th Cir. 2003). Thus, Oldenburg has not

shown that UT's proffered nondiscriminatory reason for selecting Trochio for the job is pretext or that age was a "motivating factor"[3] in the decision not to hire Oldenburg.

B.

Fields also brought her claims under the ADEA and TCHRA. She argues that UT eliminated her position (during the reduction-in-force) as retaliation for several instances of protected conduct. She points to her opposition to the age-based comments made during Oldenburg's interview on April 28, 2017, her assistance with an unrelated EEOC complaint in 2013, and her reports to supervisors about alleged mistreatment in October 2016. She also alleges that she suffered a series of more minor adverse employment actions before her termination. Here we affirm the grant of summary judgment for essentially the reasons stated by the district court.

The district court concluded that Fields had not established the final requirement of a *prima facie* case of retaliation: showing a causal link between the protected conduct and the adverse employment actions. Causation may be established by chronology alone, as Fields hopes to do here, but the events must be "very close in time." *Brown v. Wal-Mart Stores East, L.P.*, 969 F.3d 571, 578 (5th Cir. 2020) (internal quotation marks and citation omitted). The timeline offered by Fields does not meet that test. The decision to terminate her position was finalized on April 25, 2017, three days *before* Oldenburg's interview on April 28. Thus, Fields had not yet had any opportunity to witness or oppose what she believed to be age discrimination. And her other protected activity is too attenuated from her termination or from the other mistreatment to support an inference that those actions were retaliatory.

---

[3] As we noted above, the TCHRA only requires "motivating factor" causation. Neither can Oldenburg meet the higher "but for" standard under the ADEA.

Case 6:18-cv-00068-LY    Document 105    Filed 08/05/21    Page 9 of 9

No. 20-50648

\*\*\*

The judgment of the district court is AFFIRMED.

7